IN THE DISTRICT COURT OF THE STATE OF CONNECTICUT

IN THE MATTER OF:                )
                                 )
DANIEL RAMIREZ                   )   Case #
I.P. ADDRESS 76.118.52.254       )
                                 )
            PETITIONER,          )
                                 )
       VS                        )
                                 )
XPAYS, INC.                      )
A DELAWARE CORPORATION           )
                                 )
            RESPONDENT,           )

FILED
2012 JAN -4 P 1:14
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## MOTION TO QUASH A SUBPOENA

NOW COMES Daniel Ramirez, user of I.P. address 76.118.52.254, and for his motion to Quash the Subpoena issued to Comcast Cable Communications, LLC ("Comcast") dated November 23, 2011, states as follows.

1. Daniel Ramirez, as a user of I.P. address 76.118.52.254, requests that the Court quash the subpoena pursuant to Supreme Court Rule 201(c) and pursuant to the this Court's November 23, 2011 order. This motion is timely filed pursuant to the November 23, 2011 order granting Daniel Ramirez 26 days from receipt of notice to contest the subpoena. On or about December 8, 2011 Daniel Ramirez received notice of the subpoena to Comcast. A copy of the subpoena is attached hereto as Exhibit "1".

2. The subpoena should be quashed because it violates the Electronic Communications Privacy Act ("Privacy Act") codified at 18 U.S.C. 2701-2703. The Privacy Act, at Section 2702, prohibits an entity that provides electronic communications services from divulging the contents of a communication while in electronic storage. 18 U.S.C. 2702(a)(1). The Privacy Act only allows disclosure of customer information or records to a governmental entity pursuant to the specifically enumerated exceptions listed at 2703, none of which apply here. Here, the subpoena seeks civil discovery prohibited by the Act.

3. Petitioner's subpoena to Comcast also violates Supreme Court Rule 224. Supreme Court Rule 224 does not provide for issuance of subpoenas to third-parties. Instead, Supreme Court Rule 224(a)(1)(ii) requires that the party seeking discovery file a verified petition naming the respondents from whom discovery is sought. Here, the Petition names only XPAYS Inc. Because the discovery is sought from Comcast, the subpoena does not comply with Supreme Court Rule 224.

4. Supreme Court Rule 224(a)(1)(i) permits discovery "for the sole purpose of ascertaining the identity of one who may be responsible in damages..." Here, the subpoena issued to Comcast is overly broad as it seeks information beyond the identity of Daniel Ramirez. Specifically, the subpoena requests "other information" for I.P. address 76.118.52.254 from July 20, 2011 to the present including but not limited to the "name, address and other information" Supreme Court Rule 224 allows discovery solely for ascertaining the identity of a person who may be responsible for damages. Any other information other than the identity of Daniel Ramirez is beyond the scope of discovery under Supreme Court Rule 224.

WHEREFORE Daniel Ramirez respectfully requests that this Court quash the subpoena issued to Comcast.

Respectfully submitted by

Daniel Ramirez
I.P. 76.118.52.254

*/s/ Daniel Ramirez*

Date: 01/04/2012
36 Rayron Cir
Naugatuck CT 06770

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Daniel Ravicle
IP 76.119.52.254
  Petitioner
  vs.
Xpays Inc.
A Delaware Corporation

**CASE NUMBER:**

### CERTIFICATE OF SERVICE

I hereby certify that on  1/4/12 , a copy of the foregoing  Motion to Quash was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to [list names and addresses of anyone unable to accept electronic filing] as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Xpays Inc.
PO Box 420414
San Francisco, Ca. 94142

_____
Signature

(Use additional pages, if necessary, to list the name and address of each attorney or party for which you are certifying service)

Atty-Appearance.wpd Sept. 2008

Exhibit 1

### List of Does

| Defendant | Host IP | Date/Time (GMT) | Software |
|---|---|---|---|
| Doe 5 | 71.232.101.181 | 7/19/2011 08:13 | restricted |
| Doe 8 | 98.233.15.115 | 7/19/2011 08:14 | restricted |
| Doe 9 | 76.21.88.112 | 7/19/2011 08:15 | restricted |
| Doe 12 | 98.197.92.175 | 7/19/2011 08:16 | restricted |
| Doe 14 | 24.0.182.177 | 7/19/2011 08:17 | restricted |
| Doe 17 | 71.238.20.16 | 7/19/2011 08:21 | restricted |
| Doe 21 | 69.181.230.233 | 7/19/2011 09:40 | restricted |
| Doe 23 | 24.127.95.124 | 7/19/2011 16:04 | restricted |
| Doe 25 | 98.212.31.147 | 7/19/2011 18:37 | restricted |
| Doe 26 | 71.194.245.166 | 7/19/2011 18:54 | restricted |
| Doe 29 | 98.229.217.141 | 7/19/2011 19:00 | restricted |
| Doe 30 | 76.126.10.243 | 7/19/2011 19:01 | restricted |
| Doe 31 | 71.58.75.200 | 7/19/2011 19:51 | restricted |
| Doe 33 | 76.97.177.163 | 7/19/2011 20:30 | restricted |
| Doe 35 | 76.28.14.67 | 7/19/2011 20:58 | restricted |
| Doe 36 | 67.181.205.164 | 7/19/2011 20:59 | restricted |
| Doe 37 | 98.211.220.25 | 7/19/2011 21:06 | restricted |
| Doe 38 | 98.202.97.48 | 7/19/2011 21:07 | restricted |
| Doe 43 | 98.254.131.136 | 7/19/2011 21:34 | restricted |
| Doe 46 | 98.220.74.12 | 7/19/2011 22:02 | restricted |
| Doe 47 | 76.21.96.35 | 7/19/2011 22:19 | restricted |
| Doe 48 | 24.5.122.38 | 7/19/2011 22:32 | restricted |
| Doe 50 | 71.236.149.57 | 7/19/2011 23:41 | restricted |
| Doe 58 | 24.15.178.20 | 7/20/2011 00:13 | restricted |
| Doe 59 | 98.249.236.73 | 7/20/2011 00:24 | restricted |
| Doe 60 | 98.237.211.59 | 7/20/2011 00:48 | restricted |
| Doe 61 | 98.225.204.10 | 7/20/2011 00:59 | restricted |
| Doe 68 | 71.198.60.48 | 7/20/2011 01:35 | restricted |
| Doe 69 | 76.105.235.138 | 7/20/2011 01:40 | restricted |
| Doe 71 | 24.10.131.159 | 7/20/2011 02:22 | restricted |
| Doe 72 | 68.47.191.98 | 7/20/2011 02:26 | restricted |
| Doe 73 | 24.127.246.26 | 7/20/2011 02:32 | restricted |
| Doe 76 | 76.125.197.217 | 7/20/2011 02:47 | restricted |
| Doe 77 | 98.215.44.216 | 7/20/2011 03:01 | restricted |
| Doe 78 | 24.128.244.135 | 7/20/2011 03:10 | restricted |
| Doe 79 | 24.4.5.233 | 7/20/2011 03:14 | restricted |
| Doe 80 | 24.21.37.118 | 7/20/2011 03:16 | restricted |
| Doe 81 | 71.230.80.184 | 7/20/2011 03:31 | restricted |
| Doe 82 | 67.177.53.6 | 7/20/2011 03:43 | restricted |
| Doe 83 | 76.118.52.254 | 7/20/2011 03:57 | restricted |
| Doe 88 | 71.205.216.226 | 7/20/2011 04:18 | restricted |
| Doe 91 | 71.232.172.240 | 7/20/2011 04:36 | restricted |
| Doe 95 | 50.133.130.10 | 7/20/2011 05:26 | restricted |
| Doe 99 | 98.202.236.61 | 7/20/2011 05:41 | restricted |
| Doe 100 | 75.69.61.15 | 7/20/2011 05:46 | restricted |

From: Kevin Harrison    Fax: (940) 242-6226    To: Comcast Legal Compliance Fax: +1 (866) 947-5587    Page 5 of 5    11/23/2011 1:05

Case 3:12-mc-00002-JCH   Document 1   Filed 01/04/12   Page 5 of 8

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Eastern DISTRICT OF Texas

Xpays, Inc.

V.

SWARM

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 4:11-cv-00545

TO: Comcast Legal Compliance
650 Centerton Road
Moorestown, NJ 08057
Fax: 866-947-5587

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Information, including name, addresses, telephone numbers and e-mail address sufficient to identify and contact all persons whose IP addresses are included in the attached list.

| PLACE | Kevin Harrison Law (or e-mail kevin@kevinharrisonlaw.com)<br>4251 FM 2181, Suite 230 #325, Corinth, TX 76210 | DATE AND TIME<br>5/29/2012 |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Counsel for Plaintiff | 11/23/2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kevin Harrison
4251 FM 2181, Suite 230 #325, Corinth, TX 76210    kevin@kevinharrisonlaw.com  940-268-5445

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| XPAYS, INC. <br> A DELAWARE CORPORATION <br><br> PLAINTIFF, <br><br> VS. <br><br> JOHN DOES INVOLVED IN FILESHARING <br> SWARM MARKED BY HASH: <br> 8ED7417E11635B1F8E8109995FF5EA68700BA5CB <br><br><br> DEFENDANTS. | § § § § § § § § § § § § § | C.A. NO.:   4:11-cv-00545 <br><br> JURY TRIAL DEMANDED |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

The Court has read all the papers filed in connection with the Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference ("Motion"), and considered the sworn declaration and issues raised therein, including the unique aspects of BitTorrent infringement.

It is therefore

ORDERED that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (Doc. No. 7) is granted. It is further

ORDERED that Plaintiff is allowed to serve immediate discovery on the internet service providers included in Exhibit 1 of this Order to obtain the identity of each John Doe Defendant by serving each a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses; it is further

ORDERED that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED that any service provider that receives a subpoena shall have thirty days after service of the subpoenas to notify the subscribers that their identities are sought by Plaintiff, and each subscriber whose identity is sought shall have thirty days from the date of such notice to file any papers contesting the subpoena. If that thirty-day period lapses without a subscriber contesting the subpoena, the service provider shall have ten days to produce the requested records; it is further

ORDERED that service providers shall confer with Plaintiff and shall not assess production fees, if any, to Plaintiff until delivery of the requested records; it is further

ORDERED that if the number of defendants listed in a single subpoena exceeds one-hundred, the service provider may provide the records in partial batches over a period of months, the first batch to be delivered not more than seventy days after the date of service of the subpoena and the final batch to be delivered not more than 180 days from the date of service of the subpoena, provided there are no legitimate subscriber challenges to the subpoena; it is further

ORDERED that any service provider which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such provider; it is further

ORDERED that the service provider shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; it is further

ORDERED that Plaintiff shall provide each service provider with a copy of this Order.

**It is SO ORDERED.**

**SIGNED this 23rd day of November, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT 1

1) AT&T Services
2) Atlantic Broadband
3) Bell South
4) Bresnan Communications
5) CABLE ONE
6) Cellco Partnership DBA Verizon Wireless
7) CenturyTel Internet Holdings
8) Charter Communications
9) Clearwire Corporation
10) Comcast Business Communications
11) Comcast Cable
12) Comporium Communications
13) Consolidated Communications
14) Cox Communications
15) Cricket Communications
16) EarthLink
17) Embarq Corporation
18) Fairpoint Communications
19) Frontier Communications
20) Fuse Internet Access
21) Grande Communications
22) Level 3 Communications
23) Mediacom Communications Corp
24) Optimum Online
25) PAETEC - StarNet Division
26) Qwest Communications
27) PenTeleData
28) RCN Corporation
29) Road Runner
30) Service Provider Corporation
31) SingleHop
32) Suddenlink Communications
33) Verizon Internet Services
34) Wave Broadband
35) WAYPORT
36) WideOpenWest
37) Windstream Communications
38) XO COMMUNICATIONS